UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Select Distributors, LLC, *et al*,

                Plaintiffs,     Case No. 20-12944

v.                                   Judith E. Levy
                                   United States District Judge

Breeze Smoke, LLC, *et al*,
                                   Mag. Judge Elizabeth A. Stafford
                Defendants.

_____/

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO EXTEND BRIEFING DEADLINES [29]

     Before the Court is Plaintiff's December 22, 2020 motion for a two-week extension of the parties' briefing deadlines in response to Defendant's motion for a preliminary injunction to cease trademark infringement. (ECF No. 29.) Currently, the Court has set a hearing for January 21, 2020, and has ordered Plaintiff to respond by January 4, 2021 and Defendant to reply by January 14, 2021. (ECF No. 28.) Plaintiffs are requesting the extension "[d]ue to the impending Christmas and New Year's Holidays" and pre-planned travel, in addition to other logistical concerns. (ECF No. 29, PageID.313-314.) On December

22, 2020, Defendants consented to giving Plaintiff a three-day extension on the response, but requested that all other deadlines—including the hearing date—remain the same so that this infringement dispute may be quickly addressed. (ECF No. 30.) For the reasons below, the Court PARTIALLY GRANTS Plaintiff's motion and extends both Plaintiffs' response deadline to Friday, January 8, 2020, and Defendants' reply deadline to Friday, January 15, 2020. The hearing date of Thursday, January 21, 2020 will remain the same.

Upon a showing of good cause, courts may grant timely motions for a deadline extension. Fed. R. Civ. P. 6(b). The primary consideration in determining whether good cause has been shown "is the moving party's diligence in attempting to meet" existing requirements. *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). The Court should also consider whether the nonmoving party would be prejudiced by the modification. *Id*.

In this case, the Court finds that Plaintiffs have shown good cause for a brief extension. Plaintiffs are not requesting that the hearing be moved; they are merely requesting additional time in light of the holidays and pre-planned travel to "prepare appropriate responses" and "address

the factual and legal issues adequately." (ECF No. 29, PageID.314.) Given that Plaintiffs filed this motion on the same day that the Court set the hearing date, and that the Court did so three days before the Christmas holiday, the Court finds that Plaintiffs were both timely and diligent, and that there is good cause to adjust the response deadlines. *See Inge*, 281 F.3d 613; 2016 comm. note to amendment of Fed. R. Civ. P. 6(b) (recognizing that the holidays may present complications requiring scheduling changes, even if a deadline does not fall on a holiday itself: "Electronic service after business hours, or just before or during a weekend or holiday, may result in a practical reduction in the time available to respond. Extensions of time may be warranted to prevent prejudice.")

As to prejudice to Defendants, the Court finds that a brief extension would not result in any here. Defendants consented to an extension of Plaintiffs' response deadline "through January 7[, but] Breeze Smoke [would] still file its Reply on January 14 as currently scheduled, and the hearing could go forward on January 21 as ordered." (ECF No. 30, PageID.321.) Accordingly, the Court extends Plaintiffs' response deadline by one additional day, through January 8, 2020, and will grant

3

Defendants one additional day, through January 15, 2020, to reply. Because the Court agrees with Defendants that the trademark infringement dispute should be quickly resolved, the hearing date of January 21, 2020 shall remain the same.

    IT IS SO ORDERED.

Dated: December 30, 2020          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                            United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 30, 2020.

                                            s/William Barkholz
                                            WILLIAM BARKHOLZ
                                            Case Manager