# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Select Distributors, LLC *et al*,

        Plaintiffs,

v.

Breeze Smoke, LLC *et al*,

        Defendants.

_____/

Case No. 20-12944

Judith E. Levy
United States District Judge

Mag. Judge Elizabeth A. Stafford

## ORDER (1) REQUIRING RESPONSIVE BRIEFING TO PLAINTIFF'S MOTION FOR RECONSIDERATION [57]; AND (2) GRANTING DEFENDANT'S MOTION TO STRIKE [58]

On February 8, 2021, the Court issued a permanent injunction enjoining Plaintiffs/Counter-Defendants Select Distributors, LLC, *et al* from "directly or indirectly using the capitalized mark 'BREEZE' or any other mark or name including or incorporating the capitalized mark 'BREEZE' and Defendant's BREEZE packaging trade dress shown [in the opinion], or any other packaging or trade dress that is confusingly similar thereto as described by the Court on the record, in connection with

tobacco or vaping products, or any other related products or services." (ECF No. 56, PageID.764.)

On February 22, 2021, Plaintiffs filed a timely motion requesting that the Court reconsider its grant of a preliminary injunction on the following proposed grounds: 1) the injunction grant does not comply with the security requirements of Fed. R. Civ. P. 65(c); 2) the Court improperly granted packaging protection to Defendants/Counter-Plaintiff Breeze Smoke, LLC, *et al*; and 3) the scope of the injunction is unclear. (ECF No. 57.) Plaintiffs attached to their motion as Exhibit A the full deposition of Steven Haddad, Managing Member of Breeze Smoke LLC. (ECF No. 57-2.)

Also on February 22, 2021, Defendants filed a motion requesting that the Court strike Exhibit A because it violates the confidentiality provisions of a protective order into which the parties previously entered. (ECF No. 58, PageID.812 (citing ECF No. 39).) Defendants request that the Court replace Plaintiffs' Exhibit A with an attached partial deposition, edited to include only the portions discussed directly in Plaintiffs' motion for reconsideration. (*Id.*; ECF No. 58-2, PageID.815 ("Exhibit A").)

2

As to the motion to strike, the Court may "make use of [its] inherent power to control [its] docket . . . when determining whether to strike documents or portions of documents other than pleadings." *Zep Inc. v. Midwest Motor Supply Co.*, 726 F. Supp. 2d 818, 822 (S.D. Ohio) (citing *Anthony v. BTR Auto Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003)). Because the abridged Haddad deposition is sufficient for Plaintiffs' needs, and because there is no relevant purpose to including the full Haddad deposition in violation of the confidentiality agreement, the Court GRANTS the motion to strike Exhibit A to the motion for reconsideration. The Court will instead consider "Exhibit A" to be the attachment to Defendants' motion to strike. (ECF No. 58.)

As to the motion for reconsideration, the Court ORDERS Defendants to respond by **Monday, March 8, 2021**.

IT IS SO ORDERED.

Dated: February 24, 2021           s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2021.

                                              s/William Barkholz
                                              WILLIAM BARKHOLZ
                                              Case Manager