UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Select Distributors, LLC, *et al*,

        Plaintiffs/Counter-Defendants,

Case No. 20-12944

Judith E. Levy
United States District Judge

v.

Breeze Smoke, LLC, *et al*,

        Defendants/Counter-Plaintiffs.

_____/

**ORDER GRANTING PLAINTIFFS' MOTIONS TO DISMISS COMPLAINT WITH PREJUDICE [94-95]; DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [57]; STRIKING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY [67]; GRANTING IN PART BREEZE SMOKE'S MOTION FOR CONTEMPT AND SANCTIONS [60]; AND DENYING AS MOOT BREEZE SMOKE'S MOTION TO COMPEL DISCOVERY [74]**

Before the Court are six motions brought by Plaintiffs Select Distributors, LLC; SD Import, LLC; and Noor Kestou; and Defendants Breeze Smoke, LLC and Mark Faraj:

1. Defendants' motion to compel discovery (ECF No. 74);
2. Plaintiffs' motion for reconsideration of the Court's preliminary injunction order (ECF No. 57);
3. Defendants' motion for contempt and sanctions (ECF No. 60);

4. Plaintiffs' motion leave to file a sur-reply to the motion for contempt and sanctions (ECF No. 67); and
5. Plaintiffs' two motions to dismiss their own complaint with prejudice (ECF Nos. 94-95).

On July 6, 2021, the Court held a hearing, through audio-visual technology, on the first four motions in this list. (ECF No. 82.) During the hearing, counsel for Plaintiffs indicated that Plaintiffs Select Distributors, LLC and SD Import, LLC—but not Plaintiff Noor Kestou in his individual capacity—had filed for Chapter 11 bankruptcy. Filing a Chapter 11 bankruptcy petition results in an "automatic stay" of all "judicial [] action[s] or proceedings against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case," as well as "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the [bankruptcy] case." 11 U.S.C. § 362. Accordingly, the Court indefinitely adjourned the hearing for the four then-pending motions and ordered the parties to "file cross-briefs on which issues, if any, as to which parties, if any, the Court may adjudicate in light of the ongoing bankruptcy proceedings." (ECF No. 82, PageID.1369.)

The parties filed supplemental briefing on the subject. (ECF Nos. 89-93.) Subsequently, Plaintiffs filed two motions to dismiss their own complaint with prejudice. (ECF Nos. 94-95.)

On August 2, 2021, the Court held a hearing on all motions and next steps in light of the bankruptcy proceedings. For the reasons set forth on the record—and further set forth below, where appropriate—the Court ORDERS the following:

1. The Court GRANTS Plaintiffs' Rule 41(a)(2) motions to dismiss with prejudice all of their affirmative claims as to all Defendants.[1] In light of the dismissal with prejudice, the Court declines to assess attorney fees against Plaintiffs associated with general defense costs in this case. *See Massey v. City of Ferndale*, No. 96-1386, 117 F.3d 1420 (Table), at *3 (6th Cir. June 16, 1997) ("[A]ttorneys' fee awards are generally not permitted when the [Rule 41(a)(2) dismissal is with prejudice.") (ECF Nos. 94-95);
2. In light of Plaintiffs' dismissal of their affirmative case, the Court DENIES AS MOOT Defendants' motion to compel discovery in furtherance of their affirmative defenses to the lawsuit. (ECF No. 74.) Defendants are free to re-fashion their discovery requests as appropriate in light of this Order;
3. Plaintiffs' motion for reconsideration of the preliminary injunction order is DENIED. (ECF No. 57.) Additionally, Plaintiffs are ORDERED to re-communicate the text of the indefinite injunction to all of their agents, successors, assigns,

---

[1] Though the motions are somewhat ambiguous on this point, Plaintiffs clarified during the August 2, 2021 hearing that they intended to dismiss all claims as to all Defendants.

     and/or others in active concert or participation with them, including retail partners;
4. The Court STRIKES AS NONCOMPLIANT WITH LOCAL RULE 7.1 Plaintiffs' motion for leave to file a sur-reply to Defendants' motion for contempt (ECF No. 67); and
5. For the reasons set forth on the record and as set forth below, the Court GRANTS IN PART Defendants' motion for contempt and sanctions (ECF No. 60).

As set forth on the record, the Court may adjudicate Defendants' motions for contempt and sanctions as an exception to the Chapter 11 automatic stay under the "[f]ederal courts['] inherent authority to devise sanctions in response to abuses of the judicial process, including violations of their orders." *In re Leonard*, 644 Fed. Appx. 612, 615 (6th Cir. 2016). *See also Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012) ("It is within a court's inherent power to take whatever steps [are] necessary to ensure those persons within its power comply with its orders. [We] cannot conceive that Congress intended to strip [a] court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge. If this were so, the court's orders could be rendered almost meaningless." (quoting *In re Rook*, 102 B.R. 490, 493 (Bankr. E.D. Va. 1989))).

4

The Court may hold a civil litigant in contempt of court when a movant

> produce[s] clear and convincing evidence that shows that [a party] violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order. . . . Once the movant establishes his prima facie case, the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is *presently* unable to comply with the court's order.

*Elec. Workers Pension Trust Fund of Local Union #58, IBEW, et al., v. Gary's Elec. Serv. Comp.*, 340 F.3d 373, 378-79 (6th Cir. 2003). "Willfulness [] is not an element of civil contempt . . . advice of counsel and good faith conduct do not relieve from liability for a civil contempt, although they may affect the extent of the penalty." *TWM Mfg. Co., Inc. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983).

For the reasons set forth on the record, the Court holds all Plaintiffs in contempt for multiple documented violations of the Court's January 22, 2021 Temporary Injunctive Order and February 8, 2021 Preliminary Injunction, both of which enjoin

> Plaintiffs/Counter-Defendants Select Distributors, LLC, SD Import, LLC, and Noor Kestou, and any of their agents, successors, assigns, and/or others in active concert or

5

participation with them [] from directly or indirectly using the capitalized mark "BREEZE" or any other mark or name including or incorporating the capitalized mark "BREEZE" and Defendant's BREEZE packaging trade dress shown below, or any other packaging or trade dress that is confusingly similar thereto as described by the Court on the record, in connection with tobacco or vaping products, or any other related products or services.

(ECF Nos. 51, PageID.620; 84, PageID.1385.)

These violations include multiple instances of Plaintiffs advertising the enjoined product on their website and multiple confirmed purchases of the enjoined product at Plaintiffs' affiliate retailers—including Select Smoke Shop, which Plaintiff Noor Kestou personally owns—on at least the following dates:

- 1/24/2021: Select Wine Shop in Ferndale, MI
    - (declaration of Kristian Beaudry, ECF No. 60-3 (affidavit, receipt of purchase, and pictures of available product))
- 2/20/2021: Select Wine in Ferndale, MI
    - (declaration of Mike Craft, ECF No. 60-4 (affidavit, receipt of purchase, and pictures of available product))
- 2/20/2021: Select Smoke in Ferndale, MI
    - (declaration of Mike Craft, ECF No. 60-4 (affidavit, receipt of purchase, and pictures of available product))
- 2/21/2021: The Tobacco Shoppe in Clinton Township, MI
    - (declaration of Jason Welch, ECF No. 60-2 (affidavit, receipt of purchase, and pictures of available product))
- 2/21/2021: Pick & Go in Milan, MI

> o (declaration of Jason Welch, ECF No. 60-5 (affidavit, receipt of purchase, and pictures of available product))

Defendants have also produced clear and convincing evidence that Plaintiff Noor Kestou personally, from his cell phone, encouraged retailers of his product to "continue to sell" the enjoined product "[u]ntil otherwise advised by [him]," and that he encouraged retailers to "show []  to the customers" a printed letter incorrectly stating that the Court's injunction was unenforceable "until Breeze Smoke posts security."[2] (ECF No. 60-12, PageID.915-916.) Though Breeze Smoke alleges that Plaintiff Kestou sent these messages to retailers on February 7, 2021—one day before the Court issued its permanent injunction, but after the Court had

---

[2] While Noor Kestou's name does not appear on the screen shots of these text messages, the cell phone number 248-756-5361—which sent the letter incorrectly stating that the Court's injunctive orders were invalid and texted the words "You guys can show [the letter] to the customers"—appears on Plaintiffs' Verizon phone record printout as attributed to Noor Kestou. (ECF No. 90-5, PageID.1502.) As to this number, Plaintiffs also acknowledge in their briefing that "The Debtor Entities own the mobile phones and other devices of the Debtor Entities' key custodians. Select Distributors has a practice of issuing company-owned phones, laptops, and iPads to its key employees, including Kestou and its salespeople. Select Distributors owns these items. Its employees are entitled to use them only while employed by Select Distributors . . . . The service on the cell phones is in the name of Select Distributors and is paid for by Select Distributors." (ECF No. 90, PageID.1471.)

Plaintiff Kestou is the sole member of Select Distributors. (ECF No. 87, PageID.1400-1401.)

indicated that it was about to do so—the multiple post-injunction sales of infringing product leads the Court to conclude that Plaintiff Kestou's retail partners took him at his word and "continue[d] to sell" the enjoined product "[u]ntil otherwise advised by [him]." (ECF No. 60-12, PageID.915-916.)

For these reasons and for those set forth on the record, the Court sanctions Plaintiff Noor Kestou in the amount of $5,000 for violating a "definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts with knowledge of the court's order."[3] *Elec. Workers Pension Trust Fund*, 340 F.3d at 378-79 (6th Cir. 2003). Plaintiff Kestou has not shown that he is "presently unable to comply with the court's order," *see id.*, and has therefore not met his

---

[3] Citing M.C.L. § 450.4216, Plaintiffs argue that Plaintiff Kestou's status as sole member of the corporate Debtor entities somehow absolves him of "individual[] responsib[ility] for any potential liability in this action" and entitles him to "indemnification and defense by the Debtor entities." (ECF No. 87, PageID.1401.) But this statute provides only that limited liability companies "may" indemnify a member, and there is no evidence that an indemnification agreement exists between the Debtor entities and Plaintiff Kestou. M.C.L. § 450.4216. Regardless of whether Plaintiff Kestou later seeks indemnification from the Debtors, the Chapter 11 automatic stay does not apply to him absent an injunction by the bankruptcy court, which he had not received at least as of the August 2, 2021 hearing. *See Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993).

burden to show that sanctions are inappropriate.[4] Due to Plaintiff Kestou's repeated violations of the Court's Order, a $5,000 sanction at this time is "sufficient but not excessive to coerc[e] the ordered conduct." *Hadix v. Caruso*, 465 F. Supp. 2d 776, 796 (W.D. Mich. 2006) (imposing a coercive fine of $1,000.00 in a civil rights prison case due to the defendants' "deliberate choice not to comply" with the preliminary injunction).

Finally, Defendants request payment of attorney fees, expenses, and costs in pursuit of the sanctions motion, including recompense for

---

[4] During the August 2 hearing, Plaintiffs raised the theory that Plaintiff Kestou is protected from liability by a corporate veil. However, the corporate veil theory does not apply in this case, where Plaintiff Kestou is being held in contempt for personally committing the tort of trademark infringement in violation of the Court's clear injunctive order. Under Michigan law, "[i]t is well established that a corporate officer or agent is personally liable for torts committed by him *even though he was acting for the benefit of the corporation.*" *In re Interstate Agency, Inc.*, 760 F.2d 121, 125 (6th Cir. 1985) (emphasis in original). *See also In re Jan M. Gaskill,* 480 B.R. 291, 300 n.10 (W.D. Mich. 2012) ("The Michigan Supreme Court recently re-affirmed this well-settled principle. *Dept. of Agriculture v. Appletree Marketing, LLC,* 485 Mich. 1, 17, 779 N.W.2d 237, 246 (2010) (corporate officers 'may be held personally liable for their individual tortious acts done in the course of business, regardless of whether they were acting for their personal benefit or the corporation's benefit.'). The court explained that imposition of personal liability in such instances does not require piercing of the corporate veil, but rather derives from the concept that a corporate officers may not escape liability for '*their own* tortious misconduct' by 'hid[ing] behind the corporate form.' *Appletree Marketing,* 485 Mich. at 18–19, 779 N.W.2d at 247 (emphasis in original).").

9

their use of personal investigators in this case. (ECF No. 60, PageID.823-824.) As set forth on the record, Defendants are directed to submit an affidavit of reasonable expenses **by Thursday, August 5, 2021**. Plaintiffs may respond by **Monday, August 9, 2021**.

Accordingly,

Plaintiffs' Rule 41(a)(2) motions to dismiss with prejudice are GRANTED. (ECF Nos. 94-95.)

Defendants' motion to compel discovery is DENIED AS MOOT. (ECF No. 74.)

Plaintiffs' motion for reconsideration of the preliminary injunction order is DENIED. (ECF No. 57.) Additionally, Plaintiffs are ORDERED to re-communicate the text of the indefinite injunction to all of their agents, successors, assigns, and/or others in active concert or participation with them, including retail partners.

Plaintiffs' motion for leave to file a sur-reply to Defendants' motion for contempt is STRICKEN AS NONCOMPLIANT WITH LOCAL RULE 7.1. (ECF No. 67.)

Finally, Defendants' motion for contempt and sanctions is GRANTED IN PART. (ECF No. 60.) Plaintiff Noor Kestou is ORDERED to pay $5,000 to Defendants. The parties may brief additional fee awards as directed above.

IT IS SO ORDERED.

Dated: August 4, 2021　　　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 4, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
